THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>SHANNA M. TURNER,<br><br>               Defendant. | CASE NO. CR15-0136-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 72). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

Defendant pled guilty to one count of unlawful possession of a firearm and one count of distribution of heroin. (Dkt. No. 35.) She was sentenced by the Court to 18 months of imprisonment, followed by 3 years of supervised release. (Dkt. No. 53.) Her supervised release began on November 22, 2017. (Dkt. No. 72 at 2.)

Defendant now asks the Court to terminate her supervised release 17 months early. (*See* Dkt. No. 35.) Defendant asserts that early termination is appropriate because she has excelled since her release from incarceration, and she has a low risk of reoffending. (*See id.*) The

Government does not object to Defendant's motion for early termination. (Dkt. No. 73.)

## II. DISCUSSION

The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the need to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly-situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)).

The Court considers each of the § 3553(a) factors in light of Defendant's case. Defendant's underlying offenses are serious—one count of unlawful possession of a firearm and one count of distribution of heroin. (Dkt. No. 35.) Before her criminal conviction, she was well-known to the Seattle Police Department. (Dkt. No. 72 at 4.) Seattle Police Officer Randal Jokela now supports Defendant's motion and interacts with Defendant in a completely different capacity: Defendant is a supervisor and trainer at the Metropolitan Improvement District, an organization whose goal is to improve the community. (Dkt. Nos. 72 at 1–4, 72-2.) Officer Jokela reports that he now gets to witness Defendant's competency and professionalism every shift. (Dkt. No. 72-2.) Although her charges were serious, Defendant reports that she has a low risk of reoffending because her criminal lifestyle is a relic of the past. (*See* Dkt. No. 72.) Her opinion is backed by many people in Defendant's life. (*See generally id.*) Thus, the need to deter criminal conduct and the need to protect the public from future crimes weigh in favor of termination.

Defendant's characteristics also weigh in favor of early termination. She is an active participant in her community, her employment, and her recovery. Defendant asserts that she has made an abundance of positive life choices: she has excelled at, and been promoted within, her

job; she has accepted responsibility for probation violations and immediately enrolled herself (and succeeded at) opioid treatment; she has made arrangements with the probation office to speak with inmates at the Federal Detention Center; and she remains committed to obtaining some of the necessities of life, such as having a car and car insurance, health insurance, and a retirement plan. (*See id.*) Thus, she appears to have a strong determination to succeed.

In consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that terminating Defendant's supervision would be in the interests of justice.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination (Dkt. No. 72) is GRANTED.

DATED this 11th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR15-0136-JCC
PAGE - 3